IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY A. KIZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1066-HE |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Mary A. Kizer ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636. Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings in March, 2001, by filing an application for supplemental security income payments, alleging that she became disabled as of January, 1986, as a result of a bullet in her back [Tr. 45 - 47 and 61]. The claim was denied initially and upon reconsideration [Tr. 30 - 34]. At Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a February, 2003, hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 26 and 909 - 954]. In his June, 2003, hearing decision, the ALJ determined that Plaintiff was not disabled as she

retained the capacity to perform light, unskilled jobs which were available in significant numbers in the regional and national economy [Tr. 18 - 21].  The Appeals Council of the Social Security Administration declined Plaintiff's review request, and Plaintiff subsequently sought review of the Commissioner's final decision in this court [Tr. 7 - 10].

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  However, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is far from superficial.  "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion."  *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" for purposes of supplemental security income benefits as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A).  The Commissioner applies a five-step

inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Plaintiff bears the initial burden of proving that she has one or more severe impairments.  20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Where Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).  In this case, the ALJ determined that Plaintiff had no past relevant work and, consequently, continued the inquiry through the fifth step.

**Plaintiff's Claims of Error**

Plaintiff generally contends that the ALJ erred by failing to include all of Plaintiff's physical limitations in assessing Plaintiff's residual functional capacity ("RFC").  In the course of making this argument, Plaintiff specifically complains that the ALJ only briefly and superficially reviewed the over 800 pages of medical records in the file; that the ALJ failed to attribute the appropriate weight to the opinions of Plaintiff's treating physicians; that the ALJ erred by failing to include any mental limitations in the RFC despite a diagnosis of anxiety disorder, and that the ALJ erred by formulating Plaintiff's RFC without explaining how he reached the assessment.

**Analysis of the ALJ's Decision**

The ALJ found that Plaintiff – forty-nine years old with an eleventh grade education and with no past relevant work experience – suffered from the residuals of a gunshot wound and of a bullet lodged in her thoracic spinal region;[1] degenerative disc disease of her lumbar spinal region; recurrent migraine headaches; intermittent traumatic injuries; intermittent viral and/or upper respiratory infections, and some depression and anxiety [Tr. 20 - 21]. In determining that Plaintiff's depression and anxiety did not meet the criteria of any listed impairment,[2] the ALJ found that Plaintiff suffered from mild to moderate restrictions – mostly secondary to chronic pain – of activities of daily living; mild difficulties in maintaining social functioning; moderate – occurring often but not frequently – deficiencies of concentration, persistence and pace, and no episodes of decompensation in work-like settings [Tr. 19]. The ALJ then concluded that Plaintiff had the RFC to perform unskilled work at the light exertional level [Tr. 20].

**Treating Physicians Opinions**

In complaining about the ALJ's summarization of over 800 pages of medical records[3] into five paragraphs in the hearing decision, Plaintiff claims that "the ALJ failed to provide a reviewable analysis of [Plaintiff's] treatment records and the weight afforded her treating and examining physician reports as is required by the regulations and

---

[1] The ALJ found that the Plaintiff had been shot in the left shoulder at some point in the 1980's or 1990's [Tr. 18].

[2] *See* 20 C.F.R., Part 404, Subpart P, Appendix 1.

[3] The record reveals that Plaintiff sought treatment on multiple occasions in emergency rooms. The recurrent assessments of the great majority of the resulting treatment reports were that Plaintiff suffered from chronic headaches and back pain, findings consistent with those of the ALJ. It is worth noting that there was no consultative examination report; the record reflects that Plaintiff failed to submit to a scheduled examination [Tr. 88]. *See* 20 C.F.R. § 416.918.

current case law." [Doc. No. 17, pages 11 - 12].  In support of this argument, Plaintiff points to a record at page 308 of the transcript which refers to "areas of increased tissue texture changes in the paravertebral musculature of T8 through L3 with tenderness to palpation particularly of the rhomboids with the left being worse than the right." Another record referenced by Plaintiff is a December, 2002, emergency room report assessing Plaintiff with low back pain with degenerative joint disease of the lumbar spine [Tr. 716].  Plaintiff also singles out a report from St. Anthony's Hospital revealing a limited range of motion in Plaintiff's back in July, 2002 [Tr. 662].  Plaintiff maintains that "[t]he record is full of diagnoses of chronic back pain that are never discussed nor addressed [and] [t]he reports of ongoing migraine headaches with phototphobia [sic] and nausea are never specifically addressed." [Doc. No. 17, page 12].  Finally, Plaintiff contends that the ALJ ignored other records, including the July, 2002 report [Tr. 662], in determining that Plaintiff does not suffer from a severe mental impairment.  *Id.* at page 13.

     Apart from presenting the foregoing argument and from reciting the now familiar requisites for the assessment of a treating physician's opinion, Plaintiff goes no further, failing even to identify her treating physician or physicians by name and leaving it, apparently, to the court to comb through the record to make such a determination and to isolate the entirety of any such physician's treating records.  Consideration of Plaintiff's unsupported treating physician argument is not necessary, however, due to the

ALJ's failure to include any mental restrictions in Plaintiff's RFC, a failure which requires that the decision be reversed and the matter remanded for further proceedings.[4]

**Mental Restrictions**

The ALJ made the following findings in connection with Plaintiff's mental impairments:[5]

> The claimant's depression and anxiety has been intermittent and has not resulted in any episodes requiring inpatient or other crisis treatments. Nor has she required referral to mental health specialists nor has she been described as persistently exhibiting signs of considerable deterioration of mental and/or emotional functions. The undersigned concludes that the claimant suffers mild to moderate restrictions (mostly secondary to chronic pain) of activities of daily living; mild difficulties in maintaining social functioning; moderate (occurring often but not frequently) deficiencies of concentration, persistence, or pace; and no repetitive episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms.

[Tr. 19, exhibit citations omitted, ALJ's written corrections/amendments incorporated].

The ALJ's evaluation of Plaintiff's mental impairments appears to have been in response to the requirements of the regulations found at 20 C.F.R. § 416.920a. These regulations mandate that the ALJ rate the degree of a claimant's functional limitation in four broad functional areas including a claimant's activities of daily living, claimant's social functioning, claimant's concentration, persistence or pace, and any episodes of

---

[4]In connection with such proceedings, the undersigned notes that Plaintiff is correct when she argues that the RFC formulated by the ALJ is not supportable. Apart from failing to incorporate any mental restrictions in the RFC, *see infra* pages 6 - 8, the ALJ provides no written rationale, supported by medical evidence, for his conclusion that Plaintiff is able to perform work at the light exertional level. Moreover, the ALJ's hypothetical question to the vocational expert called for jobs at the sedentary rather than the light exertional level and, consequently, the vocational expert's testimony does not provide the requisite evidence to support the ALJ's step five determination [Tr. 951].

[5]The ALJ's decision does not disclose the evidentiary foundation for his findings with respect to Plaintiff's mental functional restrictions.

decompensation by the claimant.  *Id.* at § 416.920a (c) (3); 12.00C of the Listing of Impairments.[6]  These same regulations provide that when the ALJ rates the degree of limitation in the first three functional areas as "mild" and makes a finding of "none" in the fourth area, it is generally concluded that a claimant's mental impairment is not severe.  *Id.* at § 416.920a (d) (1).[7]  Here, however, the ALJ rated the degree of Plaintiff's limitation in activities of daily living as mild to moderate and her functional limitation in maintaining concentration, persistence and pace as moderate, thus concluding that Plaintiff's mental impairments of depression and anxiety were severe but not of listing-level severity [Tr. 19 - 20].

Having found that Plaintiff had "a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing," the ALJ's next responsibility under the regulations was to assess Plaintiff's RFC.[8]  20 C.F.R. § 416.920a (d) (3).  Nonetheless, despite having found that Plaintiff suffered from a severe impairment, i.e., by definition an impairment which significantly limited her mental ability to do basic work activities,[9]

---

[6]*See* 20 C.F.R., Part 404, Subpart P, Appendix 1.

[7]A finding of a "marked" limitation in two of these so called "B" criteria is necessary to establish a listing-level impairment for an affective (depressive) disorder (12.04) or an anxiety related disorder (12.07).  *See* 12.00C of the Listing of Impairments, 20 C.F.R., Part 404, Subpart P, Appendix 1.

[8]Social Security Ruling 85-16, 1985 WL 56855, at *1 addresses "the issues to be considered when an individual with a mental impairment requires an assessment of the . . . [RFC] in order to determine the individual's capacity to engage in basic work-related activities."  The ruling "provides guides for the determination of RFC for individuals whose mental impairment (s) does not meet or equal [a] listing, but is more than not severe," i.e., an individual such as the Plaintiff. *Id.*  As the ruling explains, "[a]n individual whose impairment (s) falls between these two levels has a significant restriction in the ability to engage in some basic work-related activities [and] [i]t is, therefore, necessary to determine the RFC for these individuals."  *Id.*

[9]*See* 20 C.F.R.§ 416.921.

the ALJ's assessment of Plaintiff's RFC contained no resulting mental restriction.[10] The ALJ's failure to consider Plaintiff's severe mental impairments in determining her RFC was error and requires that the ALJ's decision be reversed. *See Wiederholt v. Barnhart,* No. 03-3251, 2005 WL 290082, at *4 (10th Cir. Feb. 8, 2005) ("mental impairments, even though not qualifying as disabling impairments in and of themselves, [are] properly considered in conjunction with [a claimant's] physical impairments in determining [claimant's] RFC") (citing Social Security Ruling 96-8p, 1996 WL 374184, at *5).[11]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the final decision of the Commissioner be reversed and the matter remanded for further proceedings. The parties are advised of their right to object to this Report and Recommendation by May 4, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 14th day of April, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[10] Neither the RFC nor the hypothetical question to the vocational expert contained <u>any</u> restrictions resulting from Plaintiff's mental impairment, including the restrictions which the ALJ referenced in the decision: mild to moderate restriction of activities of daily living; mild difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace [Tr. 19].

[11] This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

8